10636

STATE v. McCOY

(107 S. E. 905)

BURGLARY—NO VARIANCE AS TO OWNERSHIP OF PREMISES AND PROPERTY.—
Where the indictment for housebreaking and larceny of certain corn laid the ownership of the corn and of the barn in which it was alleged to have been placed in B. and G., there was no variance,

where the evidence showed that G. was using the barn with the owner's consent, as he had for years, and that he allowed B., his share cropper, to store an undivided part of the corn crop therein, part of which belonged to B. and part to G.

Before McIver, J., Sumter, ———, 1920.    Affirmed.

John McCoy and Marion McCoy indicted for housebreaking and larency, and upon conviction appeal.

*Messrs. Jennings & Harby* and *Epps & Levy,* for appellants, cite: *Where indictment charges joint ownership, proof of separate ownership will not sustain a conviction*: 15 S. C. L. 16; 77 S. C. 383.

*Mr. F. A. McLeod, Solicitor,* and *Mr. John H. Clifton,* for respondent.    Oral argument.

June 30, 1921.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is an indictment for housebreaking and larceny. The appellant claims that while the ownership of the house and goods were alleged to be "Hazel Brunson and Jim Gordon," the proof shows the ownership in Gordon alone. Appellant is mistaken as to the facts.    The trouble is in statement.    There is a confusion of words, but not of ideas. A careful reading of the testimony will show this condition of affairs.    Jim Gordon rented land from his mother.    The land surrounding the barn in question was not included in the land rented by him.    Mrs. Gordon allowed her son to use this barn, and he had used it for years to store his crop. Hazel Brunson planted a part of the land rented by Jim Gordon under a share crop, but some of the corn (16 loads) had not been divided.    This quantity of corn had not been divided; that is, there had been no physical division.    There is no question but that the allegation of the ownership of the barn in Jim Gordon was a sufficient allegation of owner-

ship in Jim Gordon, so when Jim Gordon allowed Brunson to use the barn to store the share crop, in contemplation of the criminal law, it was their joint property. This is strengthened by the fact that the key was left in a nearby store, where it could have been taken by either.

The allegation and proof of the ownership of the corn was also sufficient. The legal, technical title to the corn may have been in Jim Gordon, but a charge of larceny is not trespass to try title. The testimony was clear and undisputed that in that pile of 16 loads of corn 3 loads belonged to Brunson and 13 to Gordon, i. e., three-sixteenths and thirteen-sixteenths. Mr. Gordon said the corn had not been delivered to him, so we have Gordon with the legal title to personal property in a barn, which he had used for years, with the consent of the owner. Brunson, with possession of property in which he had at least an equitable interest, in a barn of which he has restricted possession. It is very evident that these two interests made up the whole, and that the allegation and proof were sufficient.

The judgment is affirmed.